## WILHELMI v. THORINGTON.

1. CASE RE-AFFIRMED. *Wilhelmi* v. *Leonard*, 13 Iowa, 331, re-affirmed.

2. NEWLY DISCOVERED EVIDENCE. A judgment will not be reversed and a new trial granted on the ground of newly discovered evidence which consists of admissions and is merely cumulative in its character.

*Appeal from Scott District Court.*

MONDAY, APRIL 13.

*Grant & Smith* for the appellant.

*Samuel E. Brown* for the appellee.

BALDWIN, C. J.— The errors assigned, based upon the refusal to give certain instructions asked by defendant, and the exceptions to the charge of the court, present like questions for our consideration as those that were determined by the ruling of this court in the case of *Wilhelmi* v. *Leonard*, 13 Iowa, 331. We feel disposed to adhere to the rulings made in that case, and this disposes of all the questions now presented except in so far as the appellant insists that he is entitled to a new trial on account of newly discovered evidence, and because of surprise at the trial, &c. It is claimed that after the cause was submitted to the jury, the defendant was advised for the first time that the testimony of one Gifford was material, that if permitted to be introduced, it would materially support the defense and specially tend to disprove the testimony of plaintiff.

Whether the appellants used the proper degree of diligence in having this newly discovered evidence brought before the court becomes a matter of little importance from the view we take of the case.

There are other objections urged against the granting of a new trial on account of this newly discovered evidence that are not without weight, and must have a controlling influence in the determination of the motion.

This newly discovered evidence consists in part of certain admissions made by the plaintiff to the proposed witness. Such evidence is always received with caution by the courts, at least it is not always the most reliable character of evidence. The plaintiff also denies, most positively, making such declarations. It is also shown that the plaintiff and witness had some difficulty existing between them for some time previous. The evidence was cumulative, as one of the defendants had sworn in substance to the same declarations as having been made by plaintiff.

It is also claimed that at a subsequent trial between the same parties, the plaintiff testified differently in regard to the same matter in issue. This again is controverted. Affidavits are introduced both for and against the motion. The one alleging, and the other denying, that such statements were made by the plaintiff at the subsequent trial. Upon a careful review of the whole of the evidence, we are inclined to the conclusion, and so hold, that it is not such a case as shows any abuse of discretion by the District Court in denying the motion for a new trial.

Affirmed.